Diaz v. Sessions

BIA
Verrillo, IJ
A205 497 464

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April, two thousand seventeen.

PRESENT:
        REENA RAGGI,
        PETER W. HALL,
        DENNY CHIN,
                *Circuit Judges.*
_____

MARCO AURELIO DIAS, AKA MARCO A. DIAS,
        *Petitioner,*

        v.                                    15-3161
                                              NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
        *Respondent.**
_____

FOR PETITIONER:            Robert C. Ross, West Haven, CT.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Jesse M.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B.  Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Bless, Senior Litigation Counsel; Alexander J. Lutz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marco Aurelio Dias, a native and citizen of Brazil, seeks review of a September 9, 2015 decision of the BIA affirming a May 7, 2014, decision of an Immigration Judge ("IJ") denying Dias's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Marco Aurelio Dias,* No. A205 497 464 (B.I.A. Sept. 9, 2015), *aff'g* No. A205 497 464 (Immig. Ct. Hartford May 7, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered the IJ's decision "as modified by the BIA's decision," that is, minus the IJ's finding that Dias could relocate within Brazil. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

To succeed on his withholding application, Dias had to show "that it is more likely than not that his 'life or freedom would be threatened'" on account of his membership in the particular social group of gay men. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (quoting 8 U.S.C. § 1231(b)(3)(A), 8 C.F.R. § 208.16(b)(1)). "Persecution," required for withholding of removal, "clearly contemplates that harm or suffering must be inflicted upon an individual in order to punish him for possessing a belief or characteristic a persecutor seeks to overcome." *Matter of Acosta*, 19 I. & N. Dec. 211, 223 (B.I.A. 1985), *overruled on other grounds by I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421 (1987). "Private acts can . . . constitute persecution if the government is unable or unwilling to control such actions." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015); *see also Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006) ("[P]ersecution can certainly be found when the government, although not itself conducting the persecution, is unable or unwilling to control it.").

Although Dias did not articulate it as such, his claim is that private parties have a pattern or practice of persecuting gay men in Brazil, which the government is unable to stop. 8 C.F.R. § 1208.16(b)(2) (a withholding applicant may show his life or freedom would be threatened based on a pattern or

3

practice of those similarly situated). Dias predicts that people in Brazil will discover that he is gay either from the Internet article about his crime, from his family, or from a future relationship with a man. He asserts that homophobic violence is rampant in Brazil, citing a State Department report that killings based on sexual orientation rose from 2011 to 2012, and a Chicago Tribune article on a 1995 study that found 59% of gay Brazilians had suffered some type of homophobic violence. He cites a study finding that a gay person's risk of being killed there is 785 percent greater than in the United States and several high-profile cases of homophobic murders. He acknowledges that Brazil has gay marriage, active gay rights groups, and certain cities with anti-discrimination laws, but argues that this evidence shows that Brazil is willing but unable to stop the violence.

The agency disagreed. It acknowledged the evidence of violence and discrimination against gay Brazilians. But, in light of Brazil's gay rights groups, gay marriage, gay pride parade, and city ordinances banning anti-gay discrimination, the agency found that Dias failed to show the Brazilian government would be unwilling or unable to control those responsible for the violence and discrimination. Although the IJ and BIA decisions are sparse on reasoning, substantial

4

evidence supports that finding.  Dias relies heavily on the statistic that 59% of gay Brazilians have suffered violent attacks; but that comes from a newspaper article published in 1995, nearly 20 years before his merits hearing.  The 2012 State Department report cited 338 killings based on sexual orientation, but like the other evidence in the record, acknowledged the Brazilian government's efforts to fight discrimination and promote gay rights.  *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) ("The observations of State Department country profiles do not automatically discredit contrary evidence presented by the applicant, and . . . are not binding on the immigration court; they are probative nonetheless." (internal citation and punctuation omitted)). Based on this record, the agency was not compelled to find the governmental involvement required for withholding of removal. *See* 8 U.S.C. § 1252(b)(4)(B) ("[t]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"); *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (finding that likelihood of a future event is factual); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Dias's CAT claim rested on essentially the same theory as his withholding claim. The agency reasonably concluded that his predicted chain of events was speculative. *See In re M-B-A*, 23 I. & N. Dec. 474, 479-80 (B.I.A. 2002) (A claim "based on a chain of assumptions and a fear of what might happen" is insufficient to demonstrate eligibility for CAT relief). Even if it is likely that Dias will have a romantic relationship with a man, the record did not compel the agency to find it more likely than not that Dias will be tortured by, or with the acquiescence of, Brazilian authorities. *See* 8 C.F.R. § 1208.18(a)(1) (defining torture under the CAT as pain or suffering "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
